UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

JUAN A. MENDEZ and all others similarly
Situated under 29 U.S.C. 216(B),

    Plaintiff,                       CASE NO.: 13-CV-61527- Rosenbaum/Hunt

    v.

GREENFIELD USA WHOLESALE, LLC
YEN LING LIU a/k/a JOHN WOOD,

    Defendants.
_____/

    COME NOW, GREENFIELD USA WHOLESALE, LLC and YEN LING LIU a/k/a JOHN WOOD ("Defendants") by and through their undersigned counsel and hereby file this, their Answer and Affirmative Defenses to the Complaint of Plaintiff, JUAN A. MENDEZ as follows:

## ANSWER

1. Defendants deny the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 and all allegations of damages and prayers for relief contained in the *Ad damnum* clause of each count and demand strict proof thereof.

2. Defendants deny each and every allegation contained in the Complaint which have not been specifically admitted herein and demand strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. As their first affirmative defense, Defendants state that the Complaint fails to state a claim upon which relief may be granted.

2. As their second affirmative defense, Defendants state that Plaintiff's claims are barred in whole or in part by exemptions, exclusions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207 and 213.

3. As their third affirmative defense, Defendants state that Plaintiff's claim for liquidated damages is barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

4. As their fourth affirmative defense, Defendants state that Plaintiff has been paid in full relative to his employment.

5. As their fifth affirmative defense, Defendants state that Plaintiff's FLSA claims are barred to the extent that he worked any unreported hours and did so in violation of Company policy and/or concealed the facts from the defendants.

6. As their sixth affirmative defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curet lex*.

7. As their seventh affirmative defense, Defendants state that Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiff's own conduct resulted in his not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

8. As their eighth affirmative defense, Defendants state that all of the Defendants' actions were taken for lawful, legitimate business reasons. At all times, the Defendants acted in good faith toward Plaintiff.

9. As their ninth affirmative defense, Defendants state that to the extent that Plaintiff has failed to mitigate his damages, the Defendants are entitled to a set-off

of the amounts which Plaintiff earned or could have earned through reasonable efforts.

10. As their tenth affirmative defense, Defendants expressly deny that they or any person under their supervision acted in any manner which violated Plaintiff's rights. If any such violation occurred, it was outside the scope of employment and without the consent of the defendants. The Defendants neither knew nor had reason to know of any such violation. The Defendants did not condone, ratify or tolerate any such conduct, but instead prohibited such conduct.

11. As their eleventh affirmative defense, Defendants state that Plaintiff's claim is frivolous, both in factual foundation and legal substance as the Plaintiff was at all times an independent contractor of the Defendants, was paid as such, and accordingly, the Defendants are entitled to an award of their costs and attorneys' fees.

12. As their twelfth affirmative defense, Defendants state that to the extent that Plaintiff attempt to bring this action on behalf of other similarly situated employees, Defendants state that there exist no similarly situated employees and/or no similarly situated employees desire to opt-in to this action.

13. As their thirteenth affirmative defense, Defendants state that Defendants state that to the extent the Plaintiffs obtain any recovery based on their FLSA claims, Plaintiffs' claims for attorneys' fees and costs are barred based on the authority of ***Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003)**.

14. As their fourteenth affirmative defense, Defendants state that the Plaintiff was at all times an independent contractor and not an employee of the Defendants and that, in accordance with ***Freund v. Hi-Tech Satellite, Inc., 185 F. App'x 782 (11th Cir. 2006)*** Plaintiff's claims under the FLSA are barred and, as such, this case

should be dismissed with prejudice (See *Perdomo v. Ask 4 Realty & Management, Inc., et al Case No. 07-20089-CIV-ALTONAGA/Turnoff*).

15. As their sixteenth affirmative defense, Defendants state that the Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

The Defendants reserve the right to modify and supplement their affirmative defenses and to plead additional affirmative defenses to the claims of Plaintiff based upon such facts and circumstances as become known to it subsequent to the date hereof.

s/ Timothy M. Hartley
Timothy M. Hartley, Esq.
hartley@hartleylaw.net
HARTLEY LAW OFFCIES, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, Florida 33316
Tel. 954-357-9973
Fax: 954-357-2275
Attorney for Greenfield USA Wholesale,
LLC, Yen Ling Liu a/k/a John Wood

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2013, the foregoing document is being served this day on all counsel or parties of record identified on the attached service list below, via email.

s/ Timothy M. Hartley
Timothy M. Hartley, Esq.
hartley@hartleylaw.net
HARTLEY LAW OFFCIES, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, Florida 33316
Tel. 954-357-9973
Fax: 954-357-2275
Attorney for Greenfield USA Wholesale,
LLC, Yen Ling Liu a/k/a John Wood

## SERVICE LIST

J.H. Zidell, Esq.
zabogado@aol.com
Florida Bar No. 10121
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. 305-865-6766
Fax: 305-865-7167
Attorneys for Juan A. Mendez